IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

YOLANDA F. CURRY                                                                                    PLAINTIFF

vs.                                        Civil No. 1:08-cv-01060

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Yolanda F. Curry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her disability applications on March 21, 2006. (Tr. 12, 46-48, 60-62, 82). Plaintiff alleged she was disabled due to an inflamed disc in her neck and due to arthritis. (Tr. 87). Plaintiff alleged on onset date of March 20, 2006. (Tr. 46, 60). There applications were initially denied on May 24, 2006 and were denied again on reconsideration on December 1, 2006. (Tr. 32-

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

33).  On December 13, 2006, Plaintiff requested an administrative hearing on her applications.  (Tr. 28).  This hearing was held on June 12, 2007 in Little Rock, Arkansas.  (Tr. 189-215).  Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing.  *See id.*  Plaintiff, Plaintiff's pastor (Bobby Harris, Sr.), and Ken Waits testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed several years of college.  (Tr. 192-193).

On October 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 12-19).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010.  (Tr. 14, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 20, 2006, her alleged onset date.  (Tr. 14, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: mild degenerative disc disease of the cervical and lumbar spines and obesity.  (Tr. 15-16, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16-17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 17-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible.  *See id.*  Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all

exertional levels but with the following nonexertional limitations: she can only perform postural maneuvers on an occasional basis.

(Tr. 17, Finding 5).

The ALJ then evaluated Plaintiff's PRW. (Tr. 19, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 189-215). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a teacher's aide, chicken eviscerator, waiter, and sales clerk. (Tr. 19, Finding 6). The ALJ then determined that, considering her RFC, Plaintiff was still capable of performing this PRW. *See id.* After making this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 20, 2006 through the date of his decision or through October 24, 2007. (Tr. 19, Finding 7).

On October 25, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On July 1, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 3-5). On July 18, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 6, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 4-5). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

3

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ conducted an improper *Polaski* evaluation; (2) the ALJ failed to properly understand and evaluate the medical evidence and its effects; and (3) the ALJ presented an improper hypothetical to the VE. (Doc. No. 4, Pages 2-16). In response, Defendant argues that the ALJ properly assessed the credibility of Plaintiff's subjective complaints, properly considered the medical evidence of record, and properly relied upon the VE's testimony at Step Four of the Analysis. (Doc. No. 5, Pages 5-18). Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, briefly considered Plaintiff's testimony and her pastor's testimony, and noted the following:

6

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 18). The ALJ also later stated the following:

> As for the opinion evidence, there really is none. No doctor has ever suggested that she is disabled. The state agency consultants found her capable of a full range of light work, just as the undersigned has.

(Tr. 18). The ALJ stated no inconsistences between Plaintiff's subjective complaints and the record in this case. This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

   ENTERED this 14th day of August, 2009.

                  /s/ Barry A. Bryant
                  HON. BARRY A. BRYANT
                  U.S. MAGISTRATE JUDGE

---

[3] This remand is for the sole purpose of fully assessing Plaintiff's subjective complaints pursuant to *Polaski*. The ALJ is not required to award disability benefits simply because this case has been remanded, and this order should not be interpreted in that manner. On remand, the ALJ should also ensure the record is complete and should order any additional testing that is necessary.